UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID J. WYNN, | |
| Petitioner, | Civ. No. 12-6694 (KM) |
| v. | **OPINION** |
| UNITED STATES, | |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, David J. Wynn, is a former federal prisoner who is proceeding *pro se* with a petition for writ of error/coram nobis. On August 11, 2013, Judge Cavanaugh granted respondent's motion to dismiss because petitioner had failed to plead sufficient facts to support a claim of ineffective assistance of counsel. (*See* Dkt. No. 14 at p. 2.)

On March 27, 2014, the Court received a letter from Mr. Wynn. Mr. Wynn states in that letter that he was not notified by the Court or the Clerk that Judge Cavanaugh had granted respondent's motion to dismiss. Mr. Wynn states that he only became aware of Judge Cavanaugh's decision on March 8, 2014. Mr. Wynn further asserts that he is "interested in pursuing [his] case further[.]" (Dkt. No. 15 at p. 2.)

On June 5, 2014, Chief Judge Simandle reassigned this case to me in light of Judge Cavanaugh's retirement. I will order the Clerk to reopen this case so that I can rule on the issues raised by Mr. Wynn in his letter.

1

## II.  DISCUSSION

I construe Mr. Wynn's *pro se* March 27, 2014 letter as a motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the period for filing an appeal. "Rule 4(a)(6) 'provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk.'" *Abulkhair v. Liberty Mutual Ins. Co.*, 499 F. App'x 129, 130 (3d Cir. 2012) (per curiam) (citing *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995)). Rule 4(a)(6) provides as follows:

> Reopening the Time to File an Appeal. The district court may reopen the time the time to file an appeal for a period of 14 days after the date when its order to reopen is entered; but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

*Failure of notification.* Mr. Wynn states that he was never notified by the Court or the Clerk of Judge Cavanaugh's order dismissing his coram nobis petition, and only found out about it on March 8, 2014. The Advisory Committee notes to to Rule 4(a)(6)(A) state that "because Civil Rule 77(d) requires that notice of the entry of a judgment or order be formally served under Civil Rule 5(b), any notice that is not so served will not operate to preclude the reopening of the time to appeal under new subdivision (a)(6)(A)." Fed. R. App. P. 4(a)(6) Advisory Committee Notes to 2005 Amendments.

The file shows that Mr. Wynn was cc'ed on the August 11, 2013 Order that dismissed his petition. Because Mr. Wynn is proceeding *pro se* and is not an electronic filer, the Clerk would customarily have sent the Order on him through the regular U.S. mail. While this would constitute effective service of the Order under Federal Rule of Civil Procedure 5(d), "Rule 4(a)(6) refers to actual receipt, not simply effective service[.]" *In re WorldCom, Inc.*, 708 F.3d 327, 334 (2d Cir. 2013); *Khor Chin Lim v. Courtcall, Inc.*, 683 F.3d 378, 380 (7th Cir. 2012) ("[A] document is not 'received' under Rule 4(a)(6) until it arrives at the litigant's address.") (citing *Williams v. Washington Convention Ctr. Auth.*, 481 F.3d 856 (D.C. Cir. 2007); *Poole v. Family Court of New Castle Cnty.*, 368 F.3d 263 (3d Cir. 2004)).

I take the petitioner at his word when he states that he did not receive any contemporaneous notification from the Court or the Clerk that Judge Cavanaugh had dismissed his petition. At any rate, the respondent has not filed anything to contest the petitioner's version of the events. Wynn has demonstrated a fixed intention to pursue his case; it is not very plausible that he would have simply ignored an adverse decision. And it is far from implausible that the Clerk's notice to Mr. Wynn, assuming it was mailed, went astray in the mail. I therefore find that petitioner has satisfied the first element of Rule 4(a)(6): He did not receive notice pursuant to Federal Rule of Civil Procedure 77(d) of the August 11, 2013 Order within twenty-one days after its entry.

*Filing within 180 days of entry.* The second requirement for Rule 4(a)(6) relief is a finding that Mr. Wynn filed his March 27, 2014 letter within 180 days after the judgment was entered or within fourteen days after he received notice under Rule 77(d) of the entry, whichever is earlier. *See* FED. R. APP. P. 4(a)(6)(B).

Wynn's March 27, 2014 letter was filed more than 180 days after the filing of the August 11, 2013 Order that dismissed his petition. A question remains, however, as to whether August 11, 2013 was the date of "entry of judgment." I find as a matter of law that it was not; for the following reasons, judgment is deemed to have been entered on January 8, 2014.

The filing of an opinion or order, even one that has the practical effect of ending a case, does not necessarily constitute the entry of judgment. Federal Rule of Civil Procedure 58(a) provides, with certain exceptions, that "[e]very judgment and amended judgment must be set out in a separate document."[1] But when a district court fails to enter such a separate order, deadlines that run from entry of judgment will not just remain suspended forever. Rather, "if Federal Rule of Civil Procedure 58(a)(1) requires a separate document," the judgment is considered entered "when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs: [1] the judgment or order is set forth on a separate document, or [2] 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)." FED. R. APP. P. 4(a)(7)(ii).

Judge Cavanaugh's decision was set forth in his order of August 11, 2013. Because that order disposed of the case, it was subject to the Rule 58 "separate document" requirement. Of course, "[n]o magic words are necessary to satisfy the separate document rule; for instance, an 'order's denomination as an 'order,' rather than a 'judgment,' does not mean that it fails to satisfy the separate document requirement.'" *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 505

---

[1] Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
    (1) for judgment under Rule 50(b);
    (2) to amend or make additional findings under Rule 52(b);
    (3) for attorney's fees under Rule 54;
    (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
    (5) for relief under Rule 60.

FED. R. CIV. P. 58(a).

F.3d 217, 224 (3d Cir. 2007) (quoting *Local Union No. 1992, IBEW v. Okonite Co.*, 358 F.3d 278, 285 (3d Cir. 2004)). Instead, "an order is treated as a separate document if it satisfies three criteria: (1) it must be self-contained and separate from the opinion; (2) it must note the relief granted; and (3) it must omit (or at least substantially omit) the trial court's reasoning for disposing of the claims." *Id.* (citations omitted). "To be independent of the court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately." *Id.* (citations omitted).

In this case, Judge Cavanaugh's order dismissing the coram nobis petition includes the Court's reasoning for dismissing the petition. The Court, in a single document, examined the law with respect to ineffective assistance of counsel, concluded that Mr. Wynn had not pled sufficient facts, and ordered the petition dismissed. That hybrid opinion and order, viewed as a judgment, does not meet the criteria of a "separate document." *See Douris v. Upper Makefield Twp.*, 475 F. App'x 408, 408 n.3 (3d Cir. 2012) (per curiam) (citing *Local Union No. 1992, IBEW*, 358 F.3d at 285, *LeBoon*, 503 F.3d at 224).

In such a case, Rule 4(a)(7)(ii), Fed. R. App. P., dictates that judgment shall be deemed "entered" 150 days after the order was filed, on January 8, 2014. Mr. Wynn's March 27, 2014 letter was therefore a timely application under Fed. R. App. P. 4(a)(6)(B), because it was filed within 180 days after entry of judgment.[2]

---

[2] There is one potential wrinkle. As previously stated, Appellate Rule 4(a)(6)(B) provides that the motion must be filed within 180 days after the entry of judgment "*or within 14 days after the moving party receives notice* under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." FED. R. APP. P. 4(a)(6)(B) (emphasis added). I have accepted that Mr. Wynn never received formal notice of the August 11, 2013 Order pursuant to Rule 77(d). Mr. Wynn does state that he found out about the Order on March 8, 2014. I take him to mean that he discovered the Order by some means other than notification by the Clerk pursuant to Rule 77(d).

*Prejudice.* Finally, to reopen the time to file an appeal under Appellate Rule 4(a)(6), I must find that no party would be prejudiced. The Advisory Committee Notes to the 1991 amendments to that Rule state:

> By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal.

FED. R. APP. P. 4 Advisory Committee Notes to 1991 Amendments. The extension sought is not so extreme or lengthy that I could assume prejudice as a result of records being destroyed, memories fading, or the like.[3] Nor is there any indication that respondent has taken any action in reliance on the presumed expiration of the time to appeal. I have been informed of no potential "prejudice" aside from the routine cost and risk inherent in any appeal.

In sum, Mr. Wynn has satisfied all three requirements of Rule 4(a)(6), Fed. R. App. P. Pursuant to Rule 4(a)(6), Mr. Wynn shall be given thirty days from the date of this Opinion and accompanying Order to file his notice of appeal.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Mr. Wynn's request to reopen the time to file an appeal will be granted. An appropriate order will be entered.

Dated: June 16, 2014

KEVIN MCNULTY
United States District Judge

---

[3] As set forth above, judgment is deemed to have been entered on January 8, 2014. The entry of final judgment triggers the deadline to appeal. *See Local Union No. 1992, IBEW*, 358 F.3d at 280; *Douris v. Upper Makefield Twp.*, 475 F. App'x at 408 n.3. Because the United States is a party, Wynn's time to appeal was 60 days, *see* Fed. R. App. P. 4(a)(1)(B). Absent the Rule 4(a)(6) extension granted here, then, the deadline to appeal would have been Monday, March 10, 2014. *See generally* Fed. R. Civ. P. 6(a)(1)(C); Fed. R. App. P. 26(a)(1)(C) (where period ends on Sunday, deadline is extended to the following Monday). That was just three months ago.

6