UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID J. WYNN, | |
| Petitioner, | Civ. No. 12-6694 (KM) |
| v. | **OPINION** |
| UNITED STATES, | |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

Petitioner, David Wynn, is a former federal prisoner who has filed a pleading that is styled as a second petition for writ of error *coram nobis*. For the following reasons, the petition will be summarily dismissed.

### II. BACKGROUND

Mr. Wynn pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (*See* Crim. No. 08-763, Dkt. No. 84.) This was a fully-stipulated Guidelines plea agreement with an offense level of 17, corresponding to a range of 24-30 months' imprisonment. On October 17, 2011, Judge Dennis M. Cavanaugh, now retired, granted a significant downward variance and sentenced Mr. Wynn to a sentence of imprisonment of one year and one day, to be followed by a three year term of supervised release. Wynn was released from prison on October 5, 2012, and began serving his supervised release term at that time. *See* www.bop.gov/inmateloc (last visited on October 23, 2014) (showing date Mr. Wynn was released from federal incarceration).

1

On October 17, 2012, the Court received Mr. Wynn's original petition for a writ of error *coram nobis*. This matter, too, was assigned to Judge Cavanaugh. The petition asserted multiple grounds, including: (1) ineffective assistance of counsel; (2) selective prosecution; (3) perjured testimony; (4) *Brady* violations; (5) prosecutorial misconduct; (6) biased witnesses; and (7) insufficiency of the evidence. (*See* Dkt. No. 1 at p. 1-3.)

On October 27, 2012, Judge Cavanaugh provided Mr. Wynn with notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). (*See* Dkt. No. 2.) That *Miller* notice presented Mr. Wynn with three options: (1) have the pleading ruled upon as filed; (2) have the pleading recharacterized as a 28 U.S.C. § 2255 motion; or (3) withdraw the pleading and file an all-inclusive § 2255 motion, subject to the one-year statute of limitations applicable to § 2255 motions. (*See id.*) The notice further instructed Mr. Wynn that his petition would be ruled upon as filed if he did not respond to the *Miller* notice within 45 days. (*See id.*) Mr. Wynn did not respond to the *Miller* notice.

Judge Cavanaugh then ordered the respondent to answer the original *coram nobis* petition as filed. (*See* Dkt. No. 3.) On May 23, 2013, Respondent filed a motion to dismiss the original *coram nobis* petition. (*See* Dkt. No. 6.)

On August 8, 2013, Judge Cavanaugh granted the motion to dismiss. (*See* Dkt. No. 14.) His order of dismissal focused on ineffective assistance of counsel. That focus probably reflected the centrality of the ineffective assistance issue, because, if established, it would furnish grounds for having failed to raise the issues earlier, and might justify setting aside the waiver of issues inherent in a guilty plea.[1] (*See* Dkt. No. 14 (citing *Hill v. Lockhart*, 474

---

[1] Three of the grounds asserted— perjured testimony, biased witnesses, and insufficiency of the evidence—have no application to a case resolved by a plea of guilty, without trial. Other alleged non-jurisdictional defects would ordinarily be waived by the entry of a guilty plea, absent some extenuating factor such as ineffective assistance in connection with the plea. *See generally Brady v. United States*, 397 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); *Parker v. North Carolina*, 397 U.S. 790 (1970).

U.S. 52, 56, 59 (1985) (ineffective assistance in connection with a guilty plea); *Strickland v. Washington,* 466 U.S. 668 (1984) (ineffective assistance generally)). Judge Cavanaugh granted the motion to dismiss, finding that the *coram nobis* petition did not set forth facts sufficient to make out a claim of ineffective assistance.

Over seven months later, on March 27, 2014, the Court received a letter from Mr. Wynn. (*See* Dkt. No. 15.) Mr. Wynn stated in that letter that he was never notified by the Court or the Clerk that Judge Cavanaugh had granted respondent's motion to dismiss. Mr. Wynn stated that he only became aware of Judge Cavanaugh's decision on March 8, 2014, and that he wanted to pursue his case further. At that time, Judge Cavanaugh had already retired. On June 5, 2014, Chief Judge Simandle reassigned this case to me. (*See* Dkt. No. 16.)

On June 16, 2014, I filed an opinion in which I construed Mr. Wynn's March 27, 2014 letter as a motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the period for filing an appeal. (*See* Dkt. No. 17.) For various reasons, I granted the motion. (*See* Dkt. Nos. 17 & 18.) Mr. Wynn was given thirty days from June 16, 2014, to file his notice of appeal. (*See* Dkt. No. 18.)

Mr. Wynn did not file a notice of appeal. Instead, he filed a second petition for writ of error *coram nobis,* received by the Court on July 16, 2014. (*See* Dkt. No. 19.) Mr. Wynn listed his criminal case docket number, Crim. No. 08-763, on this second petition for writ of error *coram nobis.* The Clerk, however, docketed this second *coram nobis* petition under the docket number of the civil action that Judge Cavanaugh had previously dismissed. This second *coram nobis* petition is virtually identical to the original *coram nobis* petition that was dismissed by Judge Cavanaugh on August 8, 2013.

## III. DISCUSSION

A. The Second *Coram Nobis* Petition is not a Notice of Appeal

The second *coram nobis* petition was filed in response to my order granting an extension of Mr. Wynn's time to appeal under Fed. R. App. P. 4(a)(6). (Dkt. Nos. 17 & 18) It was also filed within the 30-day deadline imposed by that order. I will therefore consider initially whether it can, despite its title, be characterized a notice of appeal.

Federal Rule of Appellate Procedure 3(c) states that a notice of appeal must, at a minimum, "designate the judgment, order, or part thereof being appealed." While the requirements of Rule 3(c) are liberally construed, *see Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999), they are not entirely devoid of content. Mr. Wynn's second *coram nobis* petition does not state any intention to appeal Judge Cavanaugh's previous dismissal of his original *coram nobis* petition. Judge Cavanaugh's prior order of dismissal is not even mentioned.

Unlike the usual pro se litigant, Mr. Wynn had the benefit of an order of the court telling him precisely what to do. My prior order and opinion (ECF 17, 18) went to considerable lengths to revive Mr. Wynn's right to appeal, which had been procedurally defaulted. The Order provided as follows:

> ... IT IS ...
>
> ORDERED that the petitioner's March 27, 2014 letter (Dkt. No. 15.), which is construed as a request to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), is granted; and it is further
>
> ORDERED that the petitioner may file his notice of appeal within thirty (30) days from the date this Order is entered ....

(Docket no. 18) The Opinion (Dkt. no. 17), too, made it clear that the Court was not reopening Judge Cavanaugh's dismissal of the *coram nobis* petition, but rather affording Mr. Wynn the opportunity to appeal it.

4

Accordingly, I will not construe the second *coram nobis* petition as a notice of appeal of Judge Cavanaugh's order dismissing the original petition.

B. <u>Petition Construed as Section 2255 Motion or *Coram Nobis*</u>

The determination that Mr. Wynn failed to comply with my order authorizing the filing of a notice of appeal would generally end the case. The petition was dismissed, and no appeal was taken, so the dismissal is final.

This Court will not, however, dismiss a petition merely because a *pro se* litigant has given it the wrong label. In an abundance of caution, I consider whether it would be futile to treat this petition as a Section 2255 motion or (as it is titled) a *coram nobis* petition. I conclude that it would be futile.

1.   *Petition construed as a § 2255 motion*

For a person who remains "in custody," an appropriate means of challenging a criminal conviction and sentence may be a motion under 28 U.S.C. § 2255. Section 2255 is a remedy available to a prisoner *"in custody* under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a) (emphasis added). And it is well settled that a petitioner who like Mr. Wynn is on supervised release remains "in custody" for purposes of § 2255. *See United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008) (citing *United States v. Essig*, 10 F.3d 968, 970 n.1 (3d Cir. 1993) (quoting *Maleng v. Cook*, 490 U.S. 488, 491 (1989))).

I nevertheless find that Section 2255 relief is unavailable to Mr. Wynn because such a motion would be untimely. The statute provides that any such motion must be brought within one year of the date on which a judgment of conviction becomes final (absent circumstances not alleged here). 28 U.S.C. § 2255(f)(1).

As Mr. Wynn did not file a direct appeal, his judgment became final for purposes of § 2255(f) on October 31, 2011—*i.e.,* fourteen days after his criminal

5

judgment was entered. *See* FED. R. APP. P. 4(b)(1); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (where defendant does not pursue direct appeal, conviction and sentence becomes final and the statute of limitations begins to run on the date on which the time for filing such an appeal expired). Thus the Section 2255 statute of limitations expired a year later, on October 31, 2012. Mr. Wynn did not file this second *coram nobis* petition (construed *arguendo* as a Section 2255 motion) until approximately July 16, 2014, long after the one-year § 2255 statute of limitations period had expired.

The original *coram nobis* motion was filed on October 17, 2012, within one year of the judgment of conviction's becoming final. Can it be considered a section 2255 motion, and does it somehow operate to save the current petition *via* relation back?

There are at least two problems with that proposal.

First, it would completely rewrite the procedural history of this action to treat the first *coram nobis* petition as a Section 2255 motion. Judge Cavanaugh's *Miller* notice presented Mr. Wynn with the option of having his original *coram nobis* petition treated as a § 2255 motion. He was warned that, if he did not respond within 45 days, the petition would be ruled on as-filed, *i.e.*, as a *coram nobis* petition. Wynn failed to respond; Judge Cavanaugh treated the petition as a *coram nobis* petition, in accordance with Wynn's apparent intent; and he denied the petition on the merits.[2]

Second, even if the first petition was (or was treated as) a Section 2255 motion, Wynn's failure to appeal rendered its denial final. The current petition

---

[2] In doing so, Judge Cavanaugh gave the *coram nobis* petition the benefit of the doubt. For the reasons expressed below, *coram nobis* is not properly used by a prisoner "in custody," defined to include supervised release. But it did not really matter whether Judge Cavanaugh considered the matter under the *coram nobis* or Section 2255 standards of review; he proceeded to the merits and dismissed the motion on that basis.

6

cannot be seen as an amendment of the first. The current motion would be, at best, a "second or successive" petition (and an out-of-time one at that). The current motion cites no new evidence or new rule of constitutional law sufficient to justify a second petition under 28 U.S.C. § 2255(h).

In short, no amount of recharacterization of this *coram nobis* petition would render it a timely Section 2255 motion. Such a recharacterization would therefore be futile.

### 2. Second *coram nobis* petition construed as-is

Alternatively, I might simply construe the petition as just what it purports to be: a second *coram nobis* petition. I find, however, that this too would be futile. Although he has completed his sentence of imprisonment, Mr. Wynn is still serving his term of supervised release. Because he is therefore still "in custody," *coram nobis* relief is not available.

"The writ of error *coram nobis* is an 'infrequent' and 'extraordinary' form of relief that is reserved for 'exceptional circumstances.'" *United States v. Babalola*, 248 F. App'x 409, 411 (3d Cir. 2007) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996); *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988); *United States v. Gross*, 614 F.2d 365, 368 (3d Cir. 1980) (per curiam)). A petition for writ of error *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has completed serving his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *Id.* (citing *Stoneman*, 870 F.2d at 105-06). "A *coram nobis* petitioner must . . . show that (1) he is suffering from continuing consequences of the allegedly invalid conviction; (2) there was no remedy available at the time of trial; and that (3) sound reasons exist for failing to seek relief earlier." *Id.* at 412 (internal quotation marks and citations omitted). The burden is heavy, but not insurmountable; the Supreme Court has "reaffirmed the continued existence of

*coram nobis* relief in the appropriate circumstances." *Id.* (citing *United States v. Morgan*, 346 U.S. 502, 511 (1954)) (footnote omitted).

Mr. Wynn is not entitled to *coram nobis* relief. As previously stated, Mr. Wynn was released from prison on October 5, 2012, and will be serving his three-year period of supervised release until October 5, 2015. A petitioner on supervised release is still "in custody" for purposes of § 2255. *See Baird*, 312 F. App'x at 450 (citing *Essig*, 10 F.3d at 970 n.1 (quoting *Maleng*, 490 U.S. at 491)). And a prisoner still "in custody" for purposes of Section 2255 cannot invoke *coram nobis* relief. *See Ajao v. United States*, 256 F. App'x 526, 527 (3d Cir. 2007) (stating that *coram nobis* relief is available only to a petitioner who is not in custody and that a defendant serving a term of supervised release remains in custody and cannot obtain relief through *coram nobis*) (citing *Stoneman*, 870 F.2d 102; *United States v. Sandles*, 469 F.3d 508, 517 (6th Cir. 2006)); *see also United States v. Dent*, 135 F. App'x 532, 534 (3d Cir. 2005) (per curiam).[3]

*Coram nobis* is not an available form of relief for a person, like Mr. Wynn, who is still subject to "custody" in the form of supervised release. Consequently, it would also be futile to construe his petition as a second *coram nobis* petition.

I close with the following remarks. It may seem that Mr. Wynn cannot win; he is disentitled to seek a remedy, either because he is in custody, or because he is not in custody. To that I have two answers.

The first answer is peculiar to the facts of this case. Mr. Wynn has inexplicably failed to respond to the efforts of two judges to aid a *pro se* litigant. Judge Cavanaugh offered to recharacterize the first petition as a Section 2255 motion, but received no response. I recharacterized a letter as a motion under

---

[3] There is, of course, a second problem. This second *coram nobis* petition asserts the same grounds as the first, which was denied finally on the merits. That problem, however, I set aside.

Fed. R. App. P. 4(a)(6), revived Mr. Wynn's expired time to appeal, and invited a notice of appeal, but received instead a second *coram nobis* petition, essentially duplicating the one that had already been dismissed.

The second answer is more general. True, Mr. Wynn is in a procedural no-man's land. His one-year deadline to file a Section 2255 motion has expired, but he is still in custody, so *coram nobis* relief is not yet available. That, however, is true of many prisoners. It is not a result of this Court's decisions, but is instead a by-product of the relatively short statute of limitations for Section 2255 motions. That one-year limitations period will quite often run out long before a prisoner's completion of his or her sentence.

### IV. CONCLUSION

For the foregoing reasons, Mr. Wynn's petition, styled as a second *coram nobis* petition, will not be treated as a notice of appeal. Treatment of it as a Section 2255 motion or as a *coram nobis* petition would be futile. Consequently, the petition will be dismissed. An appropriate order will be entered.

Dated: December 15, 2014

                                             _____
                                             KEVIN MCNULTY
                                             United States District Judge