UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID J. WYNN, | : |
| Petitioner, | : Civ. No. 12-6694 (KM) |
| v. | : **OPINION** |
| UNITED STATES, | : |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

    Petitioner, David J. Wynn, is a former federal prisoner who is proceeding in this action with what this Court construed as a second petition for writ of error *coram nobis*. The lengthy procedural history of this case was discussed in detail in the Court's December 15, 2014 Opinion, with which I assume familiarity. (*See* Dkt. No. 20.)

    In the December 15, 2014 Opinion, this Court considered Mr. Wynn's second *coram nobis* petition (received by the Court on July 16, 2014). I found that it was not a notice of appeal of Judge Cavanaugh's denial of his original *coram nobis* petition, despite my earlier invitation to file such a notice.[1] Consideration of it as a § 2255 motion I found futile, because it would be well beyond the one year statute of limitations. Finally, I noted that Mr. Wynn, who was on supervised release, was still "in custody" and therefore ineligible for *coram nobis* relief. (*See* Dkt. No. 20 at p. 8.) Accordingly, on December 15, 2014, I summarily dismissed Mr. Wynn's second *coram nobis* petition and denied a certificate of appealability to the extent it could be considered a motion under 28 U.S.C. § 2255.

---

[1] This matter was reassigned to me on June 5, 2014, by Chief Judge Simandle in light of Judge Cavanaugh's retirement.

On February 9, 2015, this Court received a filing by Mr. Wynn that he has titled "Petition for Writ of Certiorari." (Dkt. No. 22.) The filing is addressed to Judge Cavanaugh. Mr. Wynn requests that this Court "honor movant's request for the Supreme Court to examine this case." (*Id.* at p. 2.)

Considered as a petition for a writ of certiorari to the United States Supreme Court, thjis filing would be both premature and directed to the wrong Court. The February 9, 2015 Petition, however, could be construed as Mr. Wynn's inartful attempt to appeal my December 15, 2014 Opinion and Order. Federal Rule of Appellate Procedure 3(c) states that a notice of appeal must, at a minimum, "designate the judgment, order, or part thereof being appealed." The requirements of Rule 3(c) are to be liberally construed, *see Pacitti v. Macy's*, 193 F.3d 766, 776-77 (3d Cir. 1999), particularly where plaintiff is appearing *pro se*. What is clear is that Mr. Wynn objects to my order and wishes to have a higher court review his case. He filed his Petition timely, within sixty days of this Court's December 15, 2014 Opinion and Order. *See* FED. R. APP. P. 4(a)(B)(i) (notice of appeal may be filed by party within sixty days if one of the parties is the United States). Under those circumstances, and in light of the procedural history of this case, I will construe the "petition for certiorari" as a notice of appeal and will order the Clerk to re-designate it as such. An appropriate order will be entered.

Dated: February 20, 2015

/s/ Kevin McNulty
KEVIN MCNULTY
United States District Judge